Mark Fisher Pike County Prosecuting Attorney 115 West Main Bowling Green, MO 63334
Dear Mr. Fisher:
This opinion is in response to your questions asking:
 Pursuant to Section 610.026.1, is the Circuit Clerk or Recorder of Deeds obligated in providing and furnishing copies of public records, to furnish anything beyond a paper copy of such documents? Specifically, if a party so requests, is the public entity obligated to provide records in the form of microfilm?
We understand that the records which are the subject of your inquiry are on microfilm and that the county has the ability to provide a duplicate of the microfilm.
Section 610.026, RSMo, as amended by Conference Committee Substitute No. 2 for Senate Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bill No. 1095, 89th General Assembly, Second Regular Session (1998) (hereinafter referred to as "House Bill No. 1095) provides:
 610.026. 1. Except as otherwise provided by law, each public governmental body shall provide access to and, upon request, furnish copies of public records subject to the following:
 (1) Fees for copying public records shall not exceed the actual cost of document search and duplication. Upon request, the governmental body shall certify in writing that the actual cost of document search and duplication is fair, reasonable and does not exceed the actual cost incurred by the public governmental body. . . .
 (2) Fees for providing access to public records maintained on computer facilities, recording tapes or discs, video tapes or films, pictures, slides, graphics, illustrations or similar audio or visual items or devices, shall include only the cost of copies, staff time required for making copies and programming, if necessary, and the disk or tape used for the duplication. [Emphasis added.]
* * *
Section 610.011, RSMo 1994, sets forth the public policy relating to the Sunshine Law. Such section provides:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
Section 610.026.1(2) recognizes that public records may be maintained on other than paper. The section specifically refers to "computer facilities, recording tapes or discs, video tapes or films, pictures, slides, graphics, illustrations or similar audio or visual items or devices." Microfilm which is the subject of your questions would be included among the ways of maintaining public records listed in that section.
Section 610.026.1(2) further recognizes that records maintained on other than paper, such as microfilm, may be copied. It provides the fees "shall include only the cost of copies, staff time required for making copies and programming, if necessary, and the disk or tape used for the duplication." [Emphasis added.]
Section 610.010(2), RSMo, as amended in 1998 by House Bill No. 1095, defines "copying," as follows:
 (2) "Copying", if requested by a member of the public, copies provided as detailed in section 610.026, if duplication equipment is available; [Emphasis added.]
The 1998 amendment to Section 610.010(2) by House Bill No. 1095 inserted the word "copies" in lieu of the word "photocopies." When the legislature amends a statute, it is presumed to have intended the amendment to have some effect or to accomplish some legislative purpose. Bennett v. Director of Revenue, 889 S.W.2d 166,169 (Mo.App. 1994). The 1998 amendment recognizes that the copy provided need not be a "photocopy" (paper copy) but that the copy may be in some other form. In the situation about which you are concerned, the request is for a copy in the form of microfilm.
Section 610.026.1 provides in the first sentence that "[e]xcept as otherwise provided by law, each public governmental body shall provide access to and, upon request, furnish copies of public records . . . ." [Emphasis added.] You have provided no facts which indicate that the "[e]xcept as otherwise provided by law" phrase applies to the records which are the subject of your inquiry. In the situation about which you inquire, the public records are on microfilm. Section 610.026.1 obligates the county to provide a copy of the records. The 1998 amendment to Section610.010(2) by House Bill No. 1095 inserting the word "copies" in lieu of the word "photocopies" indicates that the copy provided need not be a paper copy "if duplication equipment is available." The county has the ability to provide a duplicate of the microfilm. Therefore, under the facts presented, we conclude the county is obligated to provide a copy of the microfilm records in the form of microfilm.
 CONCLUSION
It is the opinion of this office that if county records are on microfilm, the county has the ability to duplicate the microfilm, and a request is made for a copy of the records in the form of microfilm, the county is obligated pursuant to Section610.026, RSMo, as amended by Conference Committee Substitute No. 2 for Senate Substitute for Senate Committee Substitute for House Substitute for House Committee Substitute for House Bill No. 1095, 89th General Assembly, Second Regular Session (1998) to provide a copy of the records in the form of microfilm.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General